applied, and the excess along with the homestead right awarded to the homestead claimant.

Also, when offered for sale, if the property fails to bring more than the value of the improvements and the amount of the homestead exemption, no sale should be declared, and thereafter the homestead claimant should be quieted in his homestead claim to the property, and no further or subsequent sale be ordered.

The answer as above made will be certified.

---

UNITED STATES FIDELITY & GUARANTY COMPANY V.
MRS. W. C. ROCHESTER ET AL.

Application No. 14585.   Decided April 7, 1926.

(283 S. W., 135.)

Workmen's Compensation Law—Death by Lightning—Peril Peculiar to Employment.

Following the ruling in Cassell v. United States Fid. & Guar. Co., ante, p. 371, the decision herein on appeal (281 S. W., 306) is approved, sustaining a recovery under the Workmen's Compensation Law for death of a laborer by lightning as supported by evidence that, although by act of God, it was incurred through exposure to such stroke incident to the labor at which he was employed.   (P. 405.)

Application to the Supreme Court for writ or error to the Court of Civil Appeals for the Second District, in an appeal from Clay County.

The Guaranty Co. appealed from a ruling of the Industrial Accident Board awarding damages to Mrs. Richardson and her two minor children for the death of her husband, who was killed by lightning while laboring for the Lone Star Gas Co. which had insured its employes with the defendant against injuries received in its service.  A like judgment being rendered in the District Court, defendant company appealed therefrom, and on its affirmance (281 S. W., 306) applied for writ of error, which is here refused in a memorandum opinion per curiam.

*Seay, Seay, Malone & Lipscomb;* and *Wantland, Glasgow & Dickey,* for petitioner.

Where at the conclusion of the testimony the undisputed evidence showed that the death of the deceased was the result of an act of God, to-wit: a stroke of lightning, and further showed that at the time of his death the deceased was not engaged in

the performance of duties which subjected him to a greater hazard from said act of God than ordinarily applied to the general public, it was reversible error to refuse this plaintiff of error's request for a peremptory instruction in its favor. Marshburn v. Stewart, 256 S. W., 575; Payne v. Harris, 241 S. W., 1008; Guisti v. Galveston Tribune, 105 Texas, 497, 152 S. W., 167; Texas Employers Ins. Assn. v. Downing, 218 S. W., 112; Gulf, etc., R. R. Co. v. State, 72 Texas, 404, 10 S. W., 81; Miller & Co. v. Texas, etc., R. R. Co., 83 Texas, 518, 18 S. W., 594; Rainey & Hamon v. Hamilton & White, 234 S. W., 229; Emmich v. Hanrahan Brick & Ice Co., 201 N. Y. S., 638; Wiggins v. Industrial Accident Board, 170 Pac., 9; Chiulla de Luca v. Board of Park Commissioners, 107 Atl., 611; Madura v. Bronx Parkway Commission, 144 N. E., 505; State on Relation of Peoples Coal & Ice Co. v. District Court, Ramsey County, 153 N. W., 119; Andrew v. Failsworth I. Society, 2 K. B., 32, 90 L. P., 611; State Road Commission v. Industrial Comm. of Utah, 190 Pac., 544; Klawinski v. Lake Shore & M. S. Ry. Co., 152 N. W., 213; Griffith v. Cole Bros., 165 N. W., 577, L. R. A., 1918F, 923; Kelley v. Kerry County Council, 13 B. W. C. C., 194; Thier v. Widdifield, 178 N. W., 16; Hoenig v. Industrial Commission, 150 N. W., 996.

*E. W. Napier,* for defendant in error.

PER CURIAM: This case was rightly decided by the Court of Civil Appeals under the principle announced in the opinion of this court in the case of Cassell et al. v. United States Fidelity & Guaranty Company, this day determined.

--------

WICHITA FALLS, RANGER & FT. WORTH RAILWAY COMPANY
V. LESLIE COMBS.

No. 4026.   Motion No. 6803.   Decided April 14, 1926.

(283 S. W., 135.)

**1.—Appeal—Cost Bond—Obligation of Sureties.**

On appeal by cost bond, without supersedeas, the obligation of the sureties is for costs of appeal only and there is no law authorizing judgment to be rendered against them for the amount of the judgment rendered against appellant. (Pp. 411-416.)

**2.—Same—Statute—Act of 37th Leg., Ch. 23.**

The laws of the State have consistently preserved a distinction